1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KIM EDWARD ROGERS,                        No.  2:21-cv-01714-TLN-CKD PS

12                 Plaintiff,

13          v.                                  ORDER

14    ROB BONTA,

15                 Defendant.

16

17

18          This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28

19    U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on September 21, 2021 (ECF No. 1) is

20    before the court for screening.

21          Plaintiff has filed an application in support of his request to proceed in forma pauperis.

22    (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion

23    to proceed in forma pauperis will be granted.

24    I.     SCREENING REQUIREMENT

25          Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

26    proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

27    claim on which relief may be granted," or "seeks monetary relief against a defendant who is

28    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

1    (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

3    court accepts as true the factual allegations contained in the complaint, unless they are clearly

4    baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.

5    See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d

6    954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

7          Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines

8    v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory

9    allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council

10   v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of

11   action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57

12   (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13         To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

14   state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se

17   litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend

18   unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809

19   F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.

20   Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

21   **II.     ALLEGATIONS IN THE COMPLAINT**

22         Plaintiff alleges that Optima Tax Relief broadcasts false advertisements targeted to some

23   vulnerable citizens, although not on Spanish-language stations. (ECF No. 1 at 6-7.) On one

24   occasion, Optima Tax Relief contacted plaintiff by email. (Id. at 5.) Plaintiff notified the State of

25   California Attorney General of a "complaint and claim" against Optima Tax Relief on September

26   16, 2021. (ECF No. 1 at 5.) Plaintiff warned the State of California Attorney General that Optima

27   Tax Relief advertisements were false, misleading, and fraudulent, and requested "a cease and

28   desist from doing further fraud upon the People of the State of California." (Id. at 6-7.)

2

1    Plaintiff alleges that the State of California Attorney General has the power to "implement

2  criminal charges through their office on behalf of the citizens of the State of California against

3  Optima Tax Relief," but apparently took no action. (ECF No. 1 at 7.) Plaintiff seeks an injunction

4  prohibiting the State of California Attorney General "from representing Optima Tax Relief in

5  claims against their tax services." (Id.) Plaintiff seeks this relief under 42 U.S.C. § 1983, asserting

6  he has been deprived of rights under the First Amendment and the Equal Protection Clause of the

7  Fourteenth Amendment. (Id. at 5.)

8    **III.    THE COMPLAINT MUST BE DISMISSED**

9    Plaintiff seeks prospective injunctive relief against an official capacity defendant under 42

10  U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege a right

11  secured by the Constitution or laws of the United States was violated by a person acting under the

12  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

13    In the absence of a waiver by the state or a valid congressional override, agencies of the

14  state are immune under the Eleventh Amendment from private damage suits and suits for

15  injunctive relief brought in federal court. See Dittman v. California, 191 F.3d 1020, 1025 (9th

16  Cir. 1999). Eleventh Amendment immunity also generally bars suits against state officials in

17  their official capacities because such a suit is against the official's office. Will v. Michigan Dep't

18  of State Police, 491 U.S. 58, 71 (1989).

19    When sued for prospective injunctive relief, however, a state official in his official

20  capacity is considered a "person" for Section 1983 purposes and Eleventh Amendment immunity

21  might not apply. See Will, 491 U.S. at 71 n. 10 ("[A] state official in his or her official capacity,

22  when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions

23  for prospective relief are not treated as actions against the State.'"). The doctrine of Ex Parte

24  Young provides a narrow but well-established exception to Eleventh Amendment immunity for

25  certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by

26  state officers in their official capacities. See 209 U.S. 123, 156-57 (1908); see also Rounds v. Or.

27  State Bd. of Higher Educ., 166 F.3d 1032, 1036 (9th Cir. 1999).

28  ////

3

1      Here, however, plaintiff does not plausibly allege a violation of his constitutional rights or

2   federal law. See West, 487 U.S. at 48. Although the complaint mentions the Equal Protection

3   Clause and the First Amendment, the allegations do not plead a constitutional violation.

4      To state a claim for a violation of the Equal Protection Clause, a plaintiff must generally

5   show the defendants acted with an intent or purpose to discriminate against the plaintiff based

6   upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th

7   Cir. 2005). The groups must be similarly situated, see id., and there must be "intentional unlawful

8   discrimination or… facts that are at least susceptible of an inference of discriminatory intent."

9   Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); see also Village

10  of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that, even a plaintiff

11  seeking to proceed as a "class of one" must allege intentional, disparate treatment).

12     Plaintiff does not allege defendant treated him differently from others in any respect. The

13  complaint is silent as to any discrimination or discriminatory intent. There are no factual

14  allegations plausibly suggesting defendant denied plaintiff equal protection of the laws.

15     Likewise, the complaint does not plead any facts suggesting plaintiff was deprived of any

16  First Amendment guarantee. A conclusory reference to the First Amendment cannot suffice to

17  state a claim. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

18     For these reasons, plaintiff does not state a claim for a violation of his constitutional rights

19  under 42 U.S.C. § 1983. Moreover, because the complaint does not allege an ongoing violation of

20  federal law, the Ex parte Young exception to Eleventh Amendment immunity does not apply and

21  defendant is immune from this suit.

22     In addition, the complaint's allegations fail to establish plaintiff's standing under Article

23  III. See Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). Under Article III's standing requirement,

24  a plaintiff seeking injunctive relief bears the burden of showing "he is under threat of suffering

25  'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not

26  conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant;

27  and it must be likely that a favorable judicial decision will prevent or redress the injury."

28  Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009). Plaintiff alleges Optima Tax Relief

4

1  contacted him, and plaintiff "warned" the State of California Attorney General, who apparently

2  took no action. (See ECF No. 1 at 6.) Based on these allegations, plaintiff has not suffered a

3  personal injury fairly traceable to the defendant's conduct. Thus, the complaint's allegations do

4  not establish plaintiff's standing to bring this suit.

5  **IV.    CONCLUSION AND ORDER**

6         For the reasons set forth, it appears plaintiff may not be able to state a valid claim for

7  relief premised on the events described in the complaint. Out of caution, however, plaintiff will

8  be granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless

9  it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice

10  of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.");

11  see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires).

12         If plaintiff elects to file an amended complaint, it should be titled "First Amended

13  Complaint" and reference the appropriate case number. An amended complaint must be complete

14  in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15  1967); Local Rule 220.

16         In accordance with the above, IT IS ORDERED:

17         1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

18         2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

19         3. Plaintiff is granted thirty days from the date of service of this order to file an amended

20  complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

21  Local Rules of Practice; the amended complaint must bear the docket number assigned this case

22  and must be labeled "First Amended Complaint"; failure to file an amended complaint or

23  otherwise respond to this order will result in a recommendation that this action be dismissed.

24  Dated:  February 1, 2022

25
                                          _____
                                          CAROLYN K. DELANEY
26                                        UNITED STATES MAGISTRATE JUDGE

27  8.Rogers.21cv1714.screen

28